GREGG, Appellant, v. ROBBINS, Respondent.

1. The master of a steamboat has no authority, as master, to bind the boat or its owners by a promissory note.
2. The cause of action set forth in a petition must be supported by the evidence, otherwise there will be a fatal variance.

*Appeal from St. Louis Court of Common Pleas.*

Plaintiff states in his petition in substance that the defendant owes him two hundred and eighty dollars with interest

from October 3, 1856, for services rendered the defendant by the plaintiff as pilot on defendant's boat; that on the 3d day of September, 1856, "James F. Smith, the master of defendant's boat, being duly authorized in that behalf, accounted with the plaintiff, and the sum then found to be due to the plaintiff for his services rendered on the defendant's boat was two hundred and eighty dollars, for which sum the said Smith, on behalf of the owners of the steamboat Editor, (which boat was then owned by defendant,) executed and delivered to the plaintiff a note for said sum, payable in thirty days after date, which sum with interest is still due the plaintiff, together with interest from October 3, 1856; and for which he asks judgment. The plaintiff annexes the said note to this petition."

Testimony was introduced at the trial showing that James F. Smith, the master of the steamboat Editor, of which the defendant Robbins was owner, hired the plaintiff Gregg to serve as pilot for the season of five months, at three hundred dollars per month; that plaintiff continued on board said boat rendering service as pilot from the time of hiring in April, 1856, until about the 1st of July, 1856, at which time the boat lay up. By the terms of the agreement, the plaintiff was to find employment elsewhere in case the boat should stop running, and his earnings on other boats were to be credited on his contract. When the Editor lay up, the plaintiff was paid his wages up to that time. After the expiration of the time of hiring—five months—the plaintiff and the said Smith, as master of the boat, made a settlement and found the balance due plaintiff under the above mentioned contract to be two hundred and eighty dollars, after deducting the amount plaintiff had earned on other boats. For this balance the said captain gave to plaintiff the following note : "Thirty days after date, I promise to pay Benj. Gregg or order, two hundred and eighty dollars. Balance due for for services rend. St. Louis, September 3, 1856. [Signed] Steamer Editor and owners, per J. F. Smith, master." The master further testified that this note was executed by him

without any authority from Robbins, and that it was given for the unexpired term of the contract and not for services actually rendered. There was also evidence tending to show that Robbins was present when Smith made the contract with the plaintiff, and participated in making it.

The court, at the request of defendant, instructed the jury as follows : " The jury is instructed that the plaintiff has offered no proof tending to show that the note sued on was executed by the plaintiff or any one authorized by him to execute the same, and the said note is not in evidence before them, and they should therefore find for defendant."

The court refused the following instruction asked by plaintiff: " 1. If the jury believe from the evidence that Smith, the master of the boat of which defendant was owner, in presence of defendant and with his consent, employed plaintiff as pilot on said boat for five months, they will find for plaintiff the balance that may be due under said contract. 2. If the jury believe from the evidence that the plaintiff was employed by Smith, the master of the steamboat Editor, with the consent and in the presence of Solomon H. Robbins, the defendant, and owner of said boat, and that the note mentioned was given by said Smith as master on account of and under said contract for a balance due under the same, they will find for plaintiff."

The plaintiff took a nonsuit, with leave, &c.

*Hudson & Thomas* and *Hayden*, for appellant.

I. This action was not brought on the note. Even if it were, the proof would sustain the action. (Sanders v. Anderson, 21 Mo. 402.) The instruction given was clearly wrong. It excluded material testimony from the jury. There was evidence tending to show that the master had authority to execute the note or due bill. The master, as such, has authority to bind the owners by his statement or note. (21 Mo. 402 ; 6 Mo. 552.) Robbins was present and took part in making the contract. It was the owner's contract. Some services were rendered, and plaintiff was ready to render the

rest. In the view of the parties, it was the same as if the services had been rendered. It was not the plaintiff's but defendant's fault that the complete service was not done. Defendant's agent, the master, chose to consider it as services actually rendered, and so expressly stated in the due bill. In legal intendment the services were rendered. There is no variance between the *allegata* and *probata*. (21 Mo. 402.) This action is brought upon the account stated by the master under the contract made by the owner, not on the note as a note. (See Story on Agency, § 116, 121, 294; 300; Abbott on Shipping, 734, 794; Curtis on Merch. Seamen, 14, 18, 328; 4 Pick. 298; 11 Johns. 72; Gilp. 592; 3 Sumn. 286.)

*Grover* and *Lindenbower*, for respondent.

I. The action was really founded upon the note. It was properly excluded from the jury. The master had no authority to make the note. There was no proof tending to establish any cause of action set out in the petition. (See 10 Metc. 375; 3 Sto. C. C. 675; 16 Conn. 489; 2 Engl. L. & Eq. 337; 3 Johns. 518; 25 Mo. 99.)

RICHARDSON, Judge, delivered the opinion of the court.

It is not material to decide whether the action is upon a promissory note or on an account for services rendered; for if the petition is on the note, then there is no proof that the master of the boat had authority to bind the owner in that manner, and authority for that purpose would not be implied from the relation that subsisted between the master and the owner. If the action is on account of services actually rendered, the plaintiff was not entitled to recover on his petition, as the proof showed he had been fully paid for all the services he performed. The evidence tended to show a special contract, which would have entitled the plaintiff to a verdict if he had declared on it; but the variance between the proof and petition was so great that the plaintiff had no right to go to the jury without an amendment, which he did not ask.

Judgment will be affirmed.

SCOTT, Judge, dissenting. As the action of the court was calculated to take the party by surprise, there should have been allowed to the plaintiff the privilege of amending his petition. The judgment, in my opinion, should be reversed.